1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rob Bonta
Attorney General of California
Paul Stein
Supervising Deputy Attorney General
Sarah E. Kurtz
John D. Echeverria
P. Patty Li
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 510-3817
Patty.Li@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his*
*official capacity as Attorney General*

[Additional counsel listed on subsequent page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACA CONNECTS – AMERICA'S COMMUNICATIONS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of California, <br><br> Defendant. | No. 2:18-cv-2684 JAM DB <br><br> **STIPULATED PROTECTIVE ORDER** |

1

1  [Additional Counsel]

2  Scott H. Angstreich*                    Marc R. Lewis
   Leslie V. Pope*                         LEWIS & LLEWELLYN LLP
3  Alex A. Parkinson*                      505 Montgomery Street, Suite 1300
   KELLOGG, HANSEN, TODD,                  San Francisco, CA 94111
4     FIGEL, & FREDERICK, P.L.L.C.         (415) 800-0591
   1615 M Street NW, Suite 400             mlewis@lewisllewellyn.com
5  Washington, DC 20036
   (202) 326-7900                          *Attorney for Plaintiffs ACA Connects –*
6  sangstreich@kellogghansen.com           *America's Communications*
   lpope@kellogghansen.com                 *Association f/k/a American Cable*
7  aparkinson@kellogghansen.com            *Association, CTIA – The Wireless*
                                           *Association, NCTA – The Internet &*
8  *Attorneys for Plaintiffs CTIA – The*   *Television Association, and USTelecom*
   *Wireless Association and USTelecom –*  *– The Broadband Association*
9  *The Broadband Association*

10 Jeffrey A. Lamken                       Matthew A. Brill*
   MOLOLAMKEN LLP                          Matthew T. Murchison*
11 The Watergate, Suite 500                James A. Tomberlin*
   600 New Hampshire Ave., NW              LATHAM & WATKINS LLP
12 Washington, DC 20037                    555 Eleventh Street NW, Suite 1000
   (202) 556-2000                          Washington, DC 20004
13 jlamken@mololamken.com                  (202) 637-2200
                                           matthew.brill@lw.com
14 *Attorney for Plaintiff ACA Connects –* matthew.murchison@lw.com
   *America's Communications Association*  james.tomberlin@lw.com
15 *f/k/a American Cable Association*
                                           *Attorneys for Plaintiff NCTA – The*
16 *Admitted pro hac vice*                 *Internet & Television Association*

17 *Admitted pro hac vice*

18

19

20

21

22

23

24

25

26

27

28

2

1       Plaintiffs ACA Connects – America's Communications Association, CTIA –

2    The Wireless Association, NCTA – The Internet & Television Association, and

3    USTelecom – The Broadband Association (collectively, "Plaintiffs"), and

4    Defendant Rob Bonta, in his official capacity as Attorney General of California

5    ("Defendant," and collectively with Plaintiffs, the "Parties"), by and through their

6    respective counsel, submit this Stipulated Protective Order in accordance with the

7    Local Rules of the United States District Court, Eastern District of California, Rules

8    141.1(b)(1) and 143.

9 **I.    PURPOSE AND LIMITATIONS**

10       Discovery in this Action is likely to involve production of confidential,

11    proprietary, or private information for which special protection from public

12    disclosure and from use for any purpose other than prosecuting this litigation may

13    be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to

14    enter the following Stipulated Protective Order.  The Parties acknowledge that this

15    Protective Order does not confer blanket protections on all disclosures or responses

16    to discovery and that the protection it affords from public disclosure and use

17    extends only to the limited information or items that are entitled to confidential

18    treatment under the applicable legal principles.  The Parties further acknowledge, as

19    set forth in Section XII.C, below, that this Stipulated Protective Order does not

20    entitle them to file information designated as "CONFIDENTIAL" or "HIGHLY

21    CONFIDENTIAL – ATTORNEYS' EYES ONLY" under seal; Rule 141 of the

22    Local Rules of the United States District Court, Eastern District of California sets

23    forth the procedures that must be followed and the standards that will be applied

24    when a party seeks permission from the Court to file material under seal.

25

26

27

28                       3

## II.    DEFINITIONS

A.    "**ACTION**" refers to this pending federal lawsuit, *ACA Connects – America's Communications Association v. Bonta*, Case No. 2:18-cv-02684-JAM-DB (E.D. Cal.).

B.    "**CHALLENGING PARTY**" refers to a Party or Non-Party that challenges the designation of information or items under this Protective Order.

C.    "**COMPETITOR**" refers to any natural person, partnership, corporation, association, or other legal entity who is engaged in the development, manufacture, marketing, or sale of any product or service that competes or is intended to compete with any product or service sold, offered, or otherwise provided by the Designating Party.

D.    "**CONFIDENTIAL**" refers to information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

E.    "**COUNSEL**" (without qualifier) refers to Outside Counsel of Record and In-House Counsel, including their respective support staff.

F.    "**COUNTERPARTY**" refers to any natural person, partnership, corporation, association, or other legal entity with which the Designating Party (1) has entered into an Internet interconnection agreement, peering agreement, or transit agreement, (2) has engaged in negotiations to enter into such an agreement, or (3) reasonably anticipates engaging in negotiations to enter into such an agreement.

G.    "**DESIGNATING PARTY**" refers to a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this Action.

4

H.   **"DISCLOSURE OR DISCOVERY MATERIAL"** refers to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

I.   **"EXPERT"** refers to a person with specialized knowledge or experience in an action pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

J.   **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** refers to Disclosure or Discovery Material that the Designating Party believes in good faith contains highly proprietary or extremely sensitive Confidential information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

K.   **"IN-HOUSE COUNSEL"** refers to attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel, nor does it include Counsel for Defendant employed by the California Department of Justice.

L.   **"NON-PARTY"** refers to any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

M.   **"OUTSIDE COUNSEL OF RECORD"** refers to attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.  Outside Counsel of Record includes Counsel for Defendant employed by the California Department of Justice.

5

N.   **"PARTY"** refers to any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

O.   **"PRODUCING PARTY"** refers to a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

P.   **"PROFESSIONAL VENDORS"** refers to persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

Q.   **"PROTECTED MATERIAL"** refers to any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as those terms are defined in this section, that is produced or otherwise exchanged in this Action.

R.   **"PROTECTIVE ORDER"** refers to this Stipulated Protective Order.

S.   **"RECEIVING PARTY"** refers to any Party that receives Disclosure or Discovery Material from a Producing Party.

## III.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information

6

obtained by the Receiving Party before or after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

**V.   DESIGNATING PROTECTED MATERIAL**

**A.   Exercise of Restraint and Care in Designating Material for Protection**

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations shall not be made that are clearly unjustified or that have been made for an

7

improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties).

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.     Manner and Timing of Designations**

Designation in conformity with this Protective Order requires:

(1)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material, before the material is disclosed or produced.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions

8

of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(2)    For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall either (1) identify on the record or (2) identify, in writing, within 21 days of receipt of the final transcript, the portions of the transcript (if any) that shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Alternatively, a Designating Party may specify either (1) on the record at the proceeding or (2) in writing within 21 days of receipt of the final transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if there is a good-faith basis to do so.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition or other pretrial proceeding shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this Action.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements. Any transcript that was not designated on the record pursuant to the first paragraph of Section 2 above or is prepared before the expiration of a 21-day period for

designation shall be treated during that period as if it had been designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

otherwise agreed.  After the expiration of the 21-day period, the transcript shall be

treated only as actually designated.

(3) For information contained in written discovery responses, the responses

may be designated as containing "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by means of a

statement at the conclusion of each response that contains such information

specifying the level of designation of the Protected Material and by placing a

legend at the front page of such discovery responses stating: "CONTAINS

CONFIDENTIAL INFORMATION/[the highest level of designation contained in

the answers]."  If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the

protected portion(s) and specify the level of protection being asserted.

(4)   For information produced in some form other than documentary and for

any other tangible items, the Designating Party shall affix in a prominent place on

the exterior of the container or containers in which the information is stored the

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY."

### C.     Failure to Designate

If timely corrected, a failure to designate qualified information or items does

not, standing alone, waive the Designating Party's right to secure protection under

this Protective Order for such material.  Upon timely correction of a designation,

the Receiving Party must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Protective Order.

# VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

## A.   Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

## B.   Meet and Confer

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

## C.   Judicial Intervention

If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion in this Court to retain confidentiality within the later of twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not

resolve their dispute.  Each such motion must be accompanied by a competent

declaration affirming that the movant has complied with the meet-and-confer

requirements imposed in Section VI.B above.  If the Designating Party fails to

make such a motion, including the required declaration, within the later of twenty-

one (21) days of the initial notice of challenge or within fourteen (14) days of the

parties agreeing that the meet and confer process will not resolve their dispute, the

confidentiality designation for each challenged designation shall be waived.  In

addition, the Challenging Party may file a motion challenging a confidentiality

designation at any time if there is good cause for doing so, including a challenge to

the designation of a deposition transcript or any portions thereof.  Any motion

brought pursuant to this provision must be accompanied by a competent declaration

affirming that the movant has complied with the meet and confer requirements

imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the

Designating Party.  Frivolous challenges and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may

expose the Challenging Party to sanctions.  While a motion regarding

confidentiality is pending, all Parties shall continue to afford the material in

question the level of protection to which it is entitled under the Designating Party's

designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A.    Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by

another Party or by a Non-Party in connection with this Action only for

prosecuting, defending, or attempting to settle this Action.  Such Protected Material

may be disclosed only to the categories of persons and under the conditions

described in this Protective Order.  When the litigation has been terminated, a

Receiving Party must comply with the provisions of Section XIII below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  Any Counsel for a Party obtaining any signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall retain that acknowledgment and need not disclose it to Counsel for other Parties until further order of the Court.

**B.      Disclosure of "CONFIDENTIAL" Information or Items**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(1)    the Receiving Party's Outside Counsel of Record in this Action, including all paralegal assistants, support staff, and other employees of such Outside Counsel of Record working under the supervision of such Counsel;

(2)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(3)    Experts of the Receiving Party, including all assistants, support staff, and other employees of such Experts working under the supervision of such Experts to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(4)    the Court and its personnel;

(5)    court reporters, videographers, and their staff, professional jury or trial consultants, including mock jurors, and Professional Vendors to whom disclosure is

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(6)    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter in accordance with Section V.B.2 above and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(7)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**C.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(1)    the Receiving Party's Outside Counsel of Record in this Action, including all paralegal assistants, support staff, and other employees of such Outside Counsel of Record working under the supervision of such Counsel;

(2)    In-House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in Section VII.D below have been followed;

(3)    Experts of the Receiving Party, including all assistants, support staff, and other employees of such Experts working under the supervision of such Experts to whom disclosure is reasonably necessary for this litigation, who have signed the

14

"Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in Section VII.E below have been followed;

(4)    the Court and its personnel;

(5)    court reporters, videographers, and their staff, professional jury or trial consultants, including mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(6)    during their depositions in the Action, current employees of the Designating Party to whom disclosure is reasonably necessary, with the consent of the Designating Party[1] or court order who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items must be separately bound by the court reporter in accordance with Section V.B.2 above and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(7)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**D.    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to In-House Counsel**

(1)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL –

---

[1] The Receiving Party will not be required to identify specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents that it intends to show at a deposition.  Rather, the Receiving Party will generally inform the Designating Party that the Receiving Party intends to show "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents to a current employee of the Designating Party at his or her deposition.

ATTORNEYS' EYES ONLY" pursuant to Section V above must first make a written request to the Designating Party that (i) sets forth the full name of the In-House Counsel and the city and state of the In-House Counsel's residence, and (ii) describes the In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the In-House Counsel is involved, or may become involved, in any competitive decision-making.

(2)    A Receiving Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified In-House Counsel unless, within fourteen (14) days of delivering the request, the Receiving Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(3)    A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Receiving Party seeking to make the disclosure to the In-House Counsel may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the In-House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Designating Party opposing disclosure to the In-House Counsel shall bear the burden of proving that the risk of harm that the

disclosure would entail (under the safeguards proposed) outweighs the Receiving

Party's need to disclose the Protected Material to the In-House Counsel.

   **E.    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts Employed By a Competitor or Counterparty**

   (1)   Unless otherwise ordered by the Court or agreed to in writing by the

Designating Party, an Expert to whom a Receiving Party seeks to disclose any

information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" must be the subject of the written request procedure described

below, if the Expert is currently (a) a Competitor or Counterparty's officer, director,

or employee; (b) a consultant or contractor retained by a Competitor to work on the

development, manufacture, marketing, or sale of any product or service to be

offered by the Competitor that competes or is intended to compete with any product

or service sold, offered, or otherwise provided by the Designating Party; or (c) a

consultant or contractor retained by a Counterparty to work on negotiations to enter

into Internet interconnection agreements, peering agreements, or transit agreements

with the Designating Party.  Prior to the disclosure of any information or item that

the Designating Party has designated as "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" pursuant to Section VII.C to an Expert who falls

into one of the preceding three categories, the Receiving Party seeking to make the

disclosure must first make a written request to the Designating Party that (i)

identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" information that the Receiving Party seeks permission to disclose to

the Expert; (ii) sets forth the full name of the Expert and the city and state of his or

her primary residence; (iii) attaches a copy of the Expert's current resume; (iv)

identifies the Expert's current employer(s); (v) identifies each person or entity from

whom the Expert has received compensation or funding for work in his or her area

17

of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding three (3) years and the party to the litigation for whom such work was done; and (vi) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding three (3) years.  With regard to the information sought through part (v) of this disclosure, if the Expert believes that any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Receiving Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(2)   A Receiving Party that that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) days of delivering the request, the Receiving Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(3) A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Receiving Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by

agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation (i.e., not in this Action) that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(A)   promptly notify in writing the Designating Party and provide a copy of the subpoena or court order;

(B)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and provide a copy of this Protective Order; and

(C)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party may seek a protective order prior to the deadline for producing the Protected Material under the subpoena or court order.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order

issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

(D) The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

## IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(A)   The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(B)   In the event that a Party is required, by a valid discovery request issued in this Action, to produce a Non-Party's Protected Material in its possession, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested has been designated as Confidential or Highly Confidential in accordance with this Protective Order; and

(2)   promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested.

(C)   If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to

1   the discovery request.  If the Non-Party timely seeks a protective order, the

2   Receiving Party shall not produce any Protected Material in its possession or

3   control that is subject to the confidentiality agreement with the Non-Party before a

4   determination by this Court.  Absent a court order to the contrary, the Non-Party

5   shall bear the burden and expense of seeking protection in this Court of its

6   Protected Material.

7   **X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

9   Protected Material to any person or in any circumstance not authorized under this

10  Protective Order, the Receiving Party must immediately (a) notify in writing the

11  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

12  all unauthorized copies of the Protected Material, (c) inform the person or persons

13  to whom unauthorized disclosures were made of all the terms of this Protective

14  Order, and (d) request such person or persons to execute the "Acknowledgment and

15  Agreement to Be Bound" that is attached hereto as Exhibit A.

16  **XI.  PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**

17  **MATERIAL**

18       When a Producing Party gives notice to a Receiving Party that certain

19  produced material is subject to a claim of privilege or other protection, the

20  obligations of the each Receiving Party are set forth in Federal Rule of Civil

21  Procedure 26(b)(5)(B).

22       A Producing Party may assert privilege or protection over produced

23  documents at any time by notifying the Receiving Parties in writing of the assertion

24  of privilege or protection.  In addition, information that contains privileged matter

25  or attorney work produce shall be returned or destroyed immediately by the

26  Receiving Party if such information has been inadvertently produced.  Nothing in

27  this provision will limit the right of the Receiving Party to contest in good faith the

28                                           21

Producing Party's claim of privilege or protection.  The Producing Party shall be required to maintain the information in the form it was produced and, if ordered by the Court, to present the information to the Court under seal for a determination of the Producing Party's claim of privilege or protection.

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-product protected documents or information is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product protected documents or information in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

**XII. MISCELLANEOUS**

A.    Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek future modification of this Protective Order by the Court.

B.    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.    Filing Protected Material.  Without written permission from the Designating Party or a court order after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Rule 141 of the Local Rules of the United States District Court, Eastern District of California.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's

22

request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIII.  FINAL DISPOSITION

After the final disposition of this Action, as defined in Section IV above, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

**IT IS SO STIPULATED.**

Dated:  December 17, 2021                              Respectfully submitted,

/s/ *Marc R. Lewis*

Scott H. Angstreich*
Leslie V. Pope*
Alex A. Parkinson*
KELLOGG, HANSEN, TODD,
   FIGEL, & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
(202) 326-7900
sangstreich@kellogghansen.com
lpope@kellogghansen.com
aparkinson@kellogghansen.com
*Attorneys for Plaintiffs CTIA – The
Wireless Association and USTelecom –
The Broadband Association*

Jeffrey A. Lamken
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Ave., NW
Washington, DC 20037
(202) 556-2000
jlamken@mololamken.com
*Attorney for Plaintiff ACA Connects –
America's Communications
Association f/k/a American Cable
Association*

*Admitted *pro hac vice*

Marc R. Lewis
LEWIS & LLEWELLYN LLP
505 Montgomery Street, Suite 1300
San Francisco, CA 94111
(415) 800-0591
mlewis@lewisllewellyn.com
*Attorney for Plaintiffs ACA Connects
– America's Communications
Association f/k/a American Cable
Association, CTIA – The Wireless
Association, NCTA – The Internet &
Television Association, and
USTelecom – The Broadband
Association*

Matthew A. Brill*
Matthew T. Murchison*
James A. Tomberlin*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200
matthew.brill@lw.com
matthew.murchison@lw.com
james.tomberlin@lw.com
*Attorneys for Plaintiff NCTA – The
Internet & Television Association*

24

Dated:  December 17, 2021

ROB BONTA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General
SARAH E. KURTZ
JOHN D. ECHEVERRIA
P. PATTY LI
Deputy Attorneys General
  455 Golden Gate Avenue,
  Suite 11000
  San Francisco, CA  94102-7004
  (415) 510-3817
  Patty.Li@doj.ca.gov

*/s/ P. Patty Li*

*Attorneys for Defendant Rob Bonta,*
*in his official capacity as Attorney*
*General of California*

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: January 4, 2022             /s/ DEBORAH BARNES
                                   UNITED STATES MAGISTRATE JUDGE

26

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was

issue by the United States District Court for the Eastern District of California on

[DATE] in the case of *ACA Connects – America's Communications Association v.*

*Bonta*, Case No. 2:18-cv-02684-JAM-DB (E.D. Cal.).  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Eastern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

27